THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LARI KEI TADEHARA, AND JULIA KAY TADEHARA, | ) | Case No. 2:11CV00436 DS |
| Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2007-HE4, ET AL., | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**I.  INTRODUCTION**

Plaintiffs defaulted under the terms of a Trust Deed and Note securing the repayment of a loan obtained to purchase a home located in Murray Utah.  Non-Judicial foreclosure proceedings ensued.

Plaintiffs filed this action purporting to assert claims for Quiet Title/Declaratory Judgment (Claim 1), Fraud (Claim 2), Wrongful Foreclosure (Claim 3), and Violation of the Truth-in-Lending Act (Claim 4).

Defendants Ocwen Loan Servicing, LLC, HSBC Bank USA, NA, as Trustee on Behalf of ACE Securities Corp., Home Equity Loan Trust, Series 2007-HE4, Asset Backed Pass-Through Certificates ("HSBC Bank as Trustee")(erroneously sued as "HSBC Bank USA, N.A." and "ACE Securities Corp." and "Ace Securities Home Equity Loan Trust,

Series 2007-HE4"), and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants"), move to dismiss the Complaint (Doc. #6).

## II. STANDARD OF REVIEW

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

## III. DISCUSSION

### A. Quite Title/Declaratory Relief (Count I)

The Court agrees with Defendants that the Complaint fails to state a claim for quiet title. A "plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." *Church v. Meadow Springs Ranch Corp., Inc.,* 659 P.2d 1045, 1048-49 (Utah 1983).

Plaintiffs fail to assert their own claim to title. They do not allege that they hold clear title to the subject property, or even that they are not in default under the Note. They admit executing the Deed of Trust and to conveying their interest in the property for the purpose of securing the loan.

Additionally, the Court agrees with Defendants that Plaintiffs' quiet title claim is based on the oft-rejected argument that MERS lacked standing to authorize the assignment and resulting foreclosure. *See* Mem. Supp. at note 2.

In their claim for declaratory judgment, Plaintiffs essentially allege that Defendants lack authority to foreclose on the subject property. As set forth in Defendants' pleadings, Plaintiffs' position has been rejected by courts of this district. Plaintiff agreed in the Trust Deed that MERS was the beneficiary and that MERS and its successors and assigns had the authority to foreclose on the subject property in the event of default by

Plaintiff. Courts of this district have consistently so held. *See* Mem. Supp. at 7–9 (and cases cited therein).

    **B. Fraud (Count 2)**

Under Rule 9 of both the Federal and Utah Rules of Civil Procedure, fraud must be plead with particularity. "'Rule 9((b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud.'" *U.S. ex rel. Sikkenga v Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006)(quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Plaintiff has failed to set forth her allegations of fraud with the required particularity.

    **C. Wrongful Foreclosure (Count III)**

Plaintiffs' wrongful foreclosure claim fails because it is based on their fraud claim which has been rejected, and because Utah does not recognize a claim for relief for wrongful foreclosure.

    **D. Truth in Lending Violations/Failure to Honor Recision Count IV.**

Plaintiffs allege that under the Truth in Lending Act, 15 U.S.C. §1601 *et seq*. (the "TILA"), Defendants were obligated, but failed, to make certain disclosures relating to extending them credit. Plaintiffs seek rescission of their mortgage loan.

The right to rescind a loan transaction and ancillary disclosure obligations do not apply to a residential mortgage

transaction.  12 C.F.R. § 226.23(f); 15 U.S.C. § 1635(e).  From the record it appears that the loan at issue was a residential mortgage transaction.

Moreover, as Defendants note, if the lender fails to provide the required disclosures, the right to rescind extends for three years following consummation of the transaction or until the sale of the property, whichever occurs first.  15 U.S.C. § 1635(f).  Here the sale of the property occurred on May 24, 2011.  Although Plaintiffs claim that they sought to rescind the loan with an August 31, 2009 letter, nine months after they were already in default on the loan, Plaintiffs have not alleged that they tendered, or that they have the ability to tender, amounts owed under the Note.  This Court, and others, have held that failure or inability to tender a return of the money due under a note is grounds for dismissal of a rescission claim on equitable grounds.  *See Jackson v. IndyMac/One West Bank FSB*, No. 2:10cv00493 DS, 2010 WL 3452339 (D. Utah Sept. 1, 2010); *Sanders v. Ethington*, No. 2:10cv00183 DAK, 2010 WL 5252843 (D. Utah Dec. 16, 2010).

.
**IV CONCLUSION**

For the foregoing reasons, as well as generally for the reasons set for by Defendants in their pleadings, their Motion to Dismiss (Doc. #6) is granted with prejudice.

DATED this 31st of August, 2011.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT